UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| GARY ATKINSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:18-cv-00491-JMS-MJD |
| | ) | |
| SKYLINE SERVICES, INC., RICHARD L. ROUDEBUSH VETERANS ADMINISTRATION MEDICAL CENTER, and OTIS ELEVATOR COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

On May 23, 2018, Plaintiff Gary Atkinson filed a Complaint against Skyline Services, Inc. ("Skyline") in Vigo Superior Court related to injuries he sustained when an elevator he was riding in at the Richard L. Roudebush Veterans Administration Medical Center (the "VA") fell several floors. [Filing No. 1-1 at 1-2.] Mr. Atkinson amended his Complaint on October 26, 2018 to add the VA and Otis Elevator Company ("Otis") as Defendants, and the VA subsequently removed this matter to this Court pursuant to 28 U.S.C. § 1442 and 28 U.S.C. § 1446. [Filing No. 1; Filing No. 1-1 at 32-33.] The VA has now moved to dismiss all of Mr. Atkinson's claims against it, and that motion is ripe for the Court's decision. [Filing No. 7.]

## **I.**
### **STANDARD OF REVIEW**

The VA moves to dismiss Mr. Atkinson's claims against it for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Jurisdiction

is the "power to decide," and federal courts may only decide claims that fall within both a statutory grant of authority and the Constitution's limits on the judiciary. *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). The burden is on the party bringing the claim to demonstrate that subject matter jurisdiction exists. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). "Motions to dismiss under 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). "In the context of a motion to dismiss for lack of subject matter jurisdiction, we accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002). In considering such a motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citations omitted).

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for

2

relief. *See [McCauley v. City of Chicago](), 671 F.3d 611, 617 (7th Cir. 2011).* Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *[Munson v. Gaetz](), 673 F.3d 630, 633 (7th Cir. 2012).* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations in the Amended Complaint, which the Court must accept as true at this time:

On December 13, 2016, Mr. Atkinson went to the VA during regular business hours, and entered an elevator when it "suddenly and without warning, fell several floors causing a violent crash injuring [him]." [[Filing No. 1-1 at 32]().] On August 10, 2017, Mr. Atkinson, with the assistance of counsel, filed a tort claim on a Standard Form 95, stating:

> Mr. Atkinson was in the VA Medical Center Roudebush for treatment, he was a veteran and is retired. He entered an Otis elevator in the Medical Center which fell to below 4 floors forcing him down on his right side injuring his right hip, back, neck, ribs and caused him extreme physical pain and mental anguish and fear.

[[Filing No. 1-1 at 34]().]

Mr. Atkinson then filed his Complaint against Skyline in Vigo Superior Court, amended his Complaint to add the VA and Otis, and the VA removed the lawsuit to this Court. [[Filing No. 1](); [Filing No. 1-1 at 1-2](); [Filing No. 1-1 at 32-33]().] In his Amended Complaint, Mr. Atkinson asserts a negligence claim. [[Filing No. 1-1 at 32-33]().] The VA has moved to dismiss Mr. Atkinson's claims against it. [[Filing No. 7]().]

# III.
## DISCUSSION

In its Motion to Dismiss, the VA argues that it is not a proper party to this action, and that "the only proper defendant in [a Federal Tort Claims Act ("FTCA")] lawsuit is the United States itself." [Filing No. 8 at 3-4.] It argues that Mr. Atkinson's failure to name the United States as a defendant deprives the Court of subject matter jurisdiction. [Filing No. 8 at 4.] The VA also argues that, in any event, Mr. Atkinson's claims are untimely because he failed to file them within six months of receiving a denial of his tort claim. [Filing No. 8 at 4.] The VA points to a denial letter sent to Mr. Atkinson's counsel on March 26, 2018, and notes that Mr. Atkinson did not seek to name the VA as a defendant until October 3, 2018 when he moved to amend his Complaint. [Filing No. 8 at 4-5.]

Mr. Atkinson did not respond to the VA's Motion to Dismiss. While the Court could grant the VA's motion on that basis alone, Local Rule 7-1(c)(5) ("[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline"), it will consider the merits of the VA's arguments.

It is well established that the United States is the only proper defendant in an FTCA suit. *See, e.g.*, *Smith v. United States*, 678 Fed. Appx. 403, 406 (7th Cir. 2017) ("The district court properly dismissed the claim against the Bureau [of Alcohol, Tobacco, Firearms and Explosives] because the United States is the only proper defendant in a FTCA suit"); *Kanar v. United States*, 118 F.3d 527, 531 (7th Cir. 1997) (noting that the United States, and not a federal agency, was the proper defendant under the FTCA); 28 U.S.C. § 2674 (stating that "[t]he United States shall be liable…in the same manner and to the same extent as a private individual under like circumstances…."). Because Mr. Atkinson has failed to name the United States as a defendant, and instead named the VA, the Court lacks subject matter jurisdiction over Mr. Atkinson's FTCA

claim. *See, e.g.*, *Dan T. Slaughter & Associates, Inc. v. F.B.I.*, 1993 WL 98834, *3 (7th Cir. 1993) (where plaintiff named the FBI and not the United States as the defendant, the district court lacked subject matter jurisdiction over FTCA claim). Accordingly, the Court **GRANTS** the VA's Motion to Dismiss, [Filing No. 7].[1]

### IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the VA's Motion to Dismiss, [7]. This matter was removed to this Court based on the presence of a United States agency defendant. Because the VA must be dismissed as a defendant, there is no basis for this Court's continued jurisdiction.[2] The Court **DIRECTS** the Clerk to **REMAND** this matter to the Vigo Superior Court.

Date: 12/18/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[1] Because the Court finds that the United States is the proper defendant in this case under the FTCA, and grants the VA's Motion to Dismiss on a jurisdictional basis, it will not consider whether Mr. Atkinson's claims against the VA were brought in a timely fashion.

[2] Since the Court no longer has subject matter jurisdiction over this matter, it declines to address Skyline's "Response" to the VA's Motion to Dismiss in which Skyline requests that "it be permitted to reassert its nonparty defense naming the VA as a nonparty." [Filing No. 16.]